STATE OF NORTH CAROLINA v. HERMAN NICKERSON

No. 829SC231

(Filed 21 June 1983)

**Homicide § 27.1— instructions—unanimity of verdict—theory of voluntary manslaughter**

In a prosecution for second degree murder, the trial court's instructions, including its instructions on unanimity of the verdict and the elements of voluntary manslaughter under the evidence in the case, correctly charged the jury that in order to convict defendant of second degree murder, it must unanimously agree that the killing included the element of malice, and that in order to convict defendant of the lesser offense of voluntary manslaughter, it must unanimously agree that the killing was intentional but without malice, and the court did not err in failing to instruct that the jury need not unanimously agree on the theory of manslaughter—heat of passion or imperfect self-defense—in order to return a verdict of guilty of manslaughter.

APPEAL by defendant from *Battle, Judge.* Judgment entered 23 April 1981 in FRANKLIN County Superior Court. Originally heard in the Court of Appeals 23 September 1982.

Initially, we dismissed this appeal for failure of defendant to comply with Appellate Rules 9(c)(1) and 28(b)(4). Our Supreme

Court, upon discretionary review, reversed our initial opinion and remanded for an opinion on the merits. *See State v. Nickerson,* 308 N.C. 376, 302 S.E. 2d 221 (1983).

Defendant was indicted for the murder of Percy Richardson, Jr. At trial, the State indicated that it was proceeding against defendant on the charge of second degree murder. At the close of the case, the trial court submitted to the jury alternative verdicts of guilty of second degree murder, guilty of voluntary manslaughter, and not guilty. From judgment entered upon a verdict of guilty of second degree murder, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Fred R. Gamin, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Ann B. Petersen, for defendant.*

WELLS, Judge.

The sole question presented in this appeal is whether the trial court erred in not instructing the jury that they need not unanimously agree on the *theory* of manslaughter in order to return a verdict of guilty of manslaughter.

Defendant contends that there was evidence in this case of two kinds of voluntary manslaughter: one, a killing in the heat of passion upon adequate provocation; and two, "imperfect self-defense" manslaughter; i.e., a killing without malice because the defendant, while entitled to use force to defend himself, used excessive force. Defendant does not contend that the trial court failed to adequately instruct the jury on the elements of second degree murder and of voluntary manslaughter under the evidence in this case, but defendant contends that the unanimity instruction given could have prevented the jury from finding defendant guilty of voluntary manslaughter where the jury was in agreement that defendant was so guilty but was not in agreement as to under which theory he was guilty.

The only portion of the charge excepted to was as follows:

> I instruct you that a jury verdict is not a verdict until all twelve jurors agree unanimously as to what your verdict should be. You may not render a verdict by majority vote.

We hold that this instruction, considered together with the correct instructions as to the elements of voluntary manslaughter under the evidence in this case correctly instructed the jury that in order to convict for murder in the second degree, they must unanimously agree that the killing included the element of malice, and that for them to convict defendant of the lesser offense of voluntary manslaughter, they must unanimously agree that the killing was intentional but without malice. Since the jury found defendant guilty of second degree murder, it is clear that the jurors were in unanimous agreement that defendant acted with malice and that no juror believed that defendant acted in the heat of passion or in imperfect self-defense.

Defendant received a fair trial free of prejudicial error.

No error.

Chief Judge VAUGHN and Judge WEBB concur.